1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

*  *  *

9   SARAH MAE SHEPPARD,                    )
10              Plaintiff,                 )
11   v.                                    )
12   CAROLYN W. COLVIN, Acting             )
     Commissioner of Social Security       )
13   Administration,                       )
14              Defendant.                 )
     _____     )

Case No. 2:13-cv-02112-JAD-CWH

<u>Report & Recommendation</u>

15
16       This case involves judicial review of administrative action by the Commissioner of Social Security
17   ("Commissioner") denying Plaintiff Sarah Mae Sheppard's application for a period of disability and
18   disability insurance benefits pursuant to Title II of the Social Security Act. 42 U.S.C. Ch. 7. The Plaintiff
19   also protectively filed a Title XVI application for supplemental security income.   Before the Court is
20   Plaintiff's Motion for Reversal/Remand (#20)[1], filed on May 7, 2014, the Commissioner's Opposition
21   (#21) and Cross Motion to Affirm the Commissioner's Decision filed on June 9, 2014, and Plaintiff's
22   Reply (#23/24), filed on June 22, 2014. This action was referred to the undersigned Magistrate Judge for
23   a report of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4.

<u>BACKGROUND</u>

24   **I.   <u>Procedural History</u>**

25       On September 27, 2010, Plaintiff protectively filed an application for a period of disability and
26   disability insurance benefits alleging she became disabled on September 2, 2008. (A.R. 115-121.)[2]
27   Her claims were denied initially on February 7, 2011, and upon reconsideration on September 7, 2011.
28

---

[1] Refers to the Court's docket number.

[2] A.R. refers to the Administrative Record in this matter. (Notice of Manual Filing #15.)

1   (A.R. 58-70.)  On August 29, 2012, Plaintiff and her representative appeared for a hearing before

2   Administrative Law Judge ("ALJ") Barry H. Jenkins.  (A.R. 13.)  During the hearing, the claimant

3   amended the alleged onset date to October 1, 2011.  On September 27, 2012, the ALJ issued an

4   unfavorable decision finding the Plaintiff had not been under a disability, as defined in the Social

5   Security Act, from October 1, 2011 through the date of the decision.  (A.R. 13-24.)  The ALJ's

6   decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's

7   request for review on October 16, 2013 (A.R. 1-6.)  On November 15, 2013, Plaintiff timely

8   commenced this action for judicial review pursuant to 42 U.S.C. § 405(g).  (#1.)

9           **II.    The ALJ Decision**

10          The ALJ followed the five-step sequential evaluation process set forth at 20 C.F.R. § 404.1520

11  and issued an unfavorable decision on September 27, 2012.  (A.R. 13-24.)  At step one, the ALJ found

12  that Plaintiff met the insured status requirements of the Social Security Act through June 30, 2013 and

13  had not engaged in substantial gainful activity ("SGA") from October 1, 2011, the alleged onset date.

14  (A.R. 15, Findings 1-2.)  At step two, the ALJ found that Plaintiff had the following severe

15  impairments: disorders of the back, disorders of the right knee, and morbid obesity (20 CFR §§

16  404.1520(c) and 416.920(c)).  (A.R. 15, Finding 3.)  At step three, the ALJ found that Plaintiff did not

17  have an impairment or combination of impairments that meets or medically equals one of the listed

18  impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (A.R. 17, Finding 4.)

19          The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform sedentary

20  work as defined in 20 C.F.R. § 404.1567(a) and 416.967(a), except no climbing of ropes, ladders or

21  scaffolds, and all other postural activities occasional.  Plaintiff requires a sit/stand option with the

22  duration of position change and frequency of such position changes to be determined at the sole

23  discretion of the claimant/employee.  Plaintiff must avoid concentrated exposure to chemicals and

24  pulmonary irritants such as smoke, gases, fumes, dust and poorly ventilated areas.  Plaintiff is limited

25  to the performance of simple tasks and tasks with detailed instructions and may not perform complex

26  tasks.  (A.R. 18.)

27          At step four, the ALJ found Plaintiff unable to perform her past relevant work ("PRW") as a

28  housekeeper.  (A.R. 22, Finding 6.)  The ALJ found that claimant has at least a high school education

    and is able and is able to communicate in English.  (A.R. 22, Finding 8.)  The ALJ found that

                                                    2

1  transferability of job skills is not material to the determination of disability because using the Medical -

2  Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not

3  the claimant has transferrable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

4  (A.R. 22, Finding 9.)  Considering the claimant's age, education, work experience, and residual

5  functional capacity, there are jobs that exist in significant numbers in the national economy that the

6  claimant can perform (20 CFR 404.1569, 404. 1569(a), 416.969, and 416.969(a)).  (A.R. 23, Finding

7  10.)   Based on all of these findings, the ALJ found Plaintiff has not been under a disability from

8  October 1, 2011 through the date of this decision. (A.R. 24, Finding 11.)

9  ## DISCUSSION

10  **I.   Judicial Standard of Review**

11  The court reviews administrative decisions in social security disability benefits cases under 42

12  U.S.C. § 405(g).  *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).  Section 405(g) states,

13  "Any individual, after any final decision of the Commissioner of Social Security made after a hearing

14  to which he was a party, irrespective of the amount in controversy, may obtain a review of such

15  decision by a civil action . . . brought in the district court of the United States for the judicial district in

16  which the plaintiff resides."  The court may enter, "upon the pleadings and transcripts of the record, a

17  judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with

18  or without remanding the cause for a rehearing."  *Id.*  The Ninth Circuit reviews a decision of a district

19  court affirming, modifying or reversing a decision of the Commissioner *de novo*.  *Batson v.*

20  *Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2003).

21  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42

22  U.S.C. § 405(g); *see also Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005).  However, the

23  Commissioner's findings may be set aside if they are based on legal error or not supported by

24  substantial evidence.  *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also*

25  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  The Ninth Circuit defines substantial evidence

26  as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a

27  reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035,

28  1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005).  In

determining whether the Commissioner's findings are supported by substantial evidence, the court

"must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see also Flaten v. Sec'y of Health and Human Serv.,* 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

## II.   Disability Evaluation Process

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995), *cert. denied*, 517 U.S. 1122 (1996). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity [SGA]by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Batson*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any

step the ALJ makes a finding of disability or nondisability, a determination will be made and no further evaluation is required.  *See* 20 C.F.R. § 404.1520(a)(4); *see also Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).  Step one requires the ALJ to determine whether the individual is currently engaging in SGA.  20 C.F.R. § 404.1520(b).  SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit.  20 C.F.R. § 404.1572(a)-(b).  If the individual is currently engaging in SGA, then a finding of not disabled is made.  If the individual is not engaging in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities.  20 C.F.R. § 404.1520(c).  An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work.  20 C.F.R. § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[3]  If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made.  If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.  If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made.  20 C.F.R. § 404.1520(h).  If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before proceeding to step four, the ALJ must first determine the individual's RFC.  20 C.F.R. § 404.1520(e).  The RFC is a function-by-function assessment of the individual's ability to do physical

---

[3] SSRs constitute SSA's official interpretations of the statute it administers and its regulations.  *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1).  They are entitled to some deference as long as they are consistent with the Social Security Act and regulations.  *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

and mental work-related activities on a sustained basis despite limitations from impairments. *See* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform her PRW. 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. § 404.1560(b) and 404.1565. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

Step five requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

### III.    Analysis and Findings

Plaintiff seeks reversal of the ALJ's decision for two reasons. First, Plaintiff claims that the administrative record does not contain substantial evidence to support the conclusion that Plaintiff is not disabled because the ALJ failed to identify and resolve an apparent conflict between the vocational expert's testimony and the DOT and its companion publications before relying on the vocational

1   expert's testimony.  Second, all of the occupations identified by the ALJ at Step 5 exceed Plaintiff's

2   maximum RFC as determined in the Hearing Decision.

3   **A. The apparent conflict between the vocational expert's testimony and the DOT**.

4   The ALJ found that the Plaintiff could perform simple tasks and tasks with detailed

5   instructions, but could not perform complex tasks.  He found she was unable to perform any of her past

6   relevant work, and no transferable skills were identified, and so she was treated as an unskilled worker

7   and limited to unskilled occupations.  The vocational expert (VE) testified that she could perform the

8   occupations of unskilled general office clerk, information clerk, and bookkeeping clerk.  The DOT

9   states that unskilled general office clerk has a specific vocational preparation (SVP)[4] of 3, as well as

10  light in exertional level,[5] information clerk has an SVP of 4, and bookkeeping clerk has an SVP of 4.

11  Therefore, Plaintiff argues that there is an apparent conflict between the expert's testimony and the

12  DOT with regard to the skill level of the occupations.  Plaintiff further argues that the ALJ has an

13  affirmative duty to inquire about a conflict between the expert's testimony and the DOT, but in this

14  case, failed to ask if the testimony conflicted.   The Commissioner appears to concede that no such

15  inquiry was made, but argues that the error was harmless.

16  The ALJ has an affirmative duty to ask about any conflict between the DOT and the vocational

17  expert's testimony.  When an inconsistency is present, the ALJ must "elicit a reasonable explanation

18  for the conflict before relying on the VE's testimony.  *See* SSR 00-4p.  Plaintiff claims that the

19  inconsistency here is that she can perform "simple tasks and tasks with detailed instructions, but could

20  not perform complex tasks," and yet each of the occupations of information clerk and bookkeeping

21  clerk have SVP of 4, which she claims is inconsistent with unskilled work.  The Commissioner argues

22  that the ALJ found that Plaintiff could perform more than merely unskilled work, and that the basic

23  demands of unskilled work include the ability to understand, remember, and carry out simple

24  instructions, *see* SSR 85-15, and here, the ALJ found that Plaintiff is able to perform tasks with

25

26      [4]  "SVP is "the amount of lapsed time required by a typical worker to learn the techniques,
    acquire the information, and develop the facility needed for average performance in a specific job-worker

27  situation."  DOT, Appx C, p. 1009 (4th ed. 1991.)

28      [5]  The Commissioner apparently conceded that the occupation of general office clerk was listed
    as light per the DOT and has not alleged that this job supports a finding of "not disabled" under the
    ALJ's findings.

detailed instructions. Semi-skilled work" is "less complex than skilled work, but more complex than unskilled work." *See*, 20 C.F.R. 404.1568(b). The Commissioner further argues that the ALJ's finding is supported by Plaintiff's previous experience as a housekeeper, which is classified with an SVP of 3. (A.R. 22, 370-371.) Finally, the Commissioner argues that, because the RFC included the ability to complete tasks with detailed instructions, and Plaintiff had previous experience performing semi-skilled work, any error by the ALJ was harmless.

Plaintiff replies that the Commissioner ignores the apparent conflict between the VE's testimony that these positions were "unskilled" and the SVP level 4 identified in the DOT for the other work identified. Plaintiff claims that the skill level of both of the other positions identified by the ALJ are higher than the skill levels of Plaintiff's past relevant work, and that Plaintiff cannot be expected to perform more complex work than she has performed in the past.

The Court finds that the ALJ's failure to inquire as to an apparent conflict between the DOT and the VE's testimony was harmless error. *See Massachi v. Astrue*, 486 F3d. 1149, 1152-53. (9th Cir. 2007). Failure to inquire is harmless error when there is no apparent conflict or the vocational expert provides sufficient support to justify deviation from the DOT. *Id*. at 1154, n.19. Evidence sufficient to permit such a deviation may be either specific findings of fact regarding the claimant's residual functionality or inferences drawn from the context of the vocational expert's testimony. *See Light v. Soc. Sec. Admin*., 119 F3d 789, 793 (9th 'Cir. 1997 (as amended) (citations omitted). The ALJ found that Plaintiff could perform a greater spectrum of work than merely unskilled work when he found that she could perform simple tasks and tasks with detailed instructions. The basic demands of unskilled work include the ability to understand, remember, and carry out simple instructions, an RFC which the ALJ found that Plaintiff possessed. Plaintiff also had experience performing semi-skilled work and nothing in the record indicates Plaintiff's ability had diminished. Ultimately, the error is harmless where the alleged conflict is not material and there is no meaningful departure from the DOT as presented by the VE. *See Hill v. Astrue*, 365 Fed. Appx. 808, 810 (9th Cir. Feb. 16, 2010); *see also, Stout v. Comm'r of Soc. Sec. Admin*., 454 F.3d 1050, 1055 (9th Cir. 2005). The failure to inquire in this instance constitutes harmless error.

**B. The sit/stand option**.

Plaintiff alleges that the ALJ limited Plaintiff to a sit/stand option with the duration of position

1  change and frequency of such position changes to be determined at the sole discretion of the

2  claimant/employee.  Plaintiff argues that the sit/stand option is not addressed in the DOT, and as such,

3  there is an apparent conflict between the expert's testimony and the DOT with regard to the sit/stand

4  option.  The Commissioner responds that DOT does not discuss the availability of a sit/stand option,

5  and therefore there is no apparent conflict.

6       The DOT does not include such postural requirements, and so the court finds that no conflict

7  exists.  *See, e.g., Hirschy v. Comm'r,* 2012 WL 996527, at *11 (E.D.Cal. Mar. 23, 2012 (holding that

8  VE testimony did not conflict with the DOT because the DOT is silent on the availability of sit/stand

9  options).  Where the DOT does not include information about a particular aspect of a job (such as the

10  existence of a sit/stand option) it is proper to consult with a vocational resource.  *See,* SSR 83-12;

11  *Harvey v. Astrue,* 2010 WL 2836817 (N.D.Cal), at *13.  Accordingly, the ALJ was entitled to rely on

12  the VE's expertise in this respect.  Here, the ALJ did address and resolve this issue by indicating that

13  although the vocational expert's testimony is inconsistent with the information contained in the DOT,

14  there is a reasonable explanation for the discrepancy, and the VE eroded the availability of jobs based

15  upon his experience.  (A.R. 372-373. )

16       Plaintiff argues that, in spite of the statement, the ALJ never asked the expert about any

17  potential conflicts, and so the reliance upon experience is speculative.  But at the hearing, Plaintiff's

18  counsel specifically questioned the VE about the sit/stand option and the VE provided an explanation

19  of how many jobs would be eroded at the sedentary stage with this limitation.  (A.R. 373-74.)  It was

20  reasonable for the ALJ to rely on the VE's experience as well as the information provided regarding the

21  number of sedentary jobs available with the sit/stand option to explain the basis for any potential

22  discrepancy between the sit/stand option and the DOT description of the jobs identified. *See, e.g.,*

23  *Edwards v. Astrue,* 2013 WL 1891764 at *8-9 (N.D.Cal May 6, 2013) (finding an apparent conflict

24  between the DOT and VE testimony based on a sit/stand option.)   If there was a conflict and therefore

25  an error, it was harmless because the vocational expert provided sufficient support to justify deviation

26  from the DOT.  *Massachi,* at 1154, n.19.

27       Based on the foregoing and good cause appearing,

28                    **RECOMMENDATION**

     **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Reversal or Remand (#20) be

                              9

denied.

**IT IS FURTHER RECOMMENDED** that Defendant's Cross-Motion to Affirm (#21) be **granted.**

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The U.S. Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  Thomas v. Arn, 474 U.S. 140, 142 (1985).  This circuit has also held that failure to file objections within the specified time, and failure to properly address and brief the objectionable issues, waives the right to appeal the district court's order and/or appeal factual issues from the order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991); Britt v. Simi Valley United Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).

DATED: April 8, 2015.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**